# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON N. TERRY,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO,<br><br>                Defendant. | CASE NO. 06-CV-1459 MMA (CAB)<br><br>**NOTICE AND ORDER RE: TENTATIVE RULINGS ON DEFENDANT'S PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*** <br><br>[Doc. Nos. 129-131; 133-141] |

      Currently pending before the Court, and set for hearing on Monday, February 28, 2011, are Defendant City of San Diego's Motion to Exclude Testimony of James Lackritz, Ph.D.; Motion to Bifurcate Claims; Motion to Modify Interlocutory Order Precluding Defense Expert; and nine motions *in limine*. [Doc. Nos. 129-131; 133-141.] Having considered the parties' submissions, and in anticipation of Monday's hearing, the Court issues the following tentative rulings:

      As an initial matter, the Court tentatively **GRANTS** Plaintiff's request for judicial notice of the six exhibits offered in support of her responses to Defendant's motions. [Doc. No. 156.] Each exhibit is an order issued by this Court or the Ninth Circuit, and are matters which are properly subject to judicial notice. *See e.g., Spainhower v. U.S. Bank Nat. Ass'n*, 2010 WL 1408105 *2 (C.D.Cal. Mar. 25, 2010). The Court tentatively **SUSTAINS** Plaintiff's objection to paragraph 2 of Katherine Jackson's Declaration on ground that it lacks foundation. FED. R. EVID. 602. The Court tentatively **OVERRULES** Plaintiff's objection on ground of hearsay to paragraph 4 of Katherine Jackson's

Declaration. [Doc. No. 173.]

(A) The Court tentatively **DENIES** Defendant's *Daubert* motion to exclude the testimony of James Lackritz. [Doc. No. 129.] Among other reasons, Defendant's argument that Lackritz draws conclusions outside his area of expertise, is essentially an argument that Lackritz's opinion lacks foundation. [*See* Doc. No. 129-1, p.7, arguing Lackritz's O/C ratings have an "absence of a foundation."] The Court however, has already considered and overruled Defendant's objection to Lackritz's opinion for lack of foundation. [Doc. No. 94, p.5, overruling Def.'s objections because "it does not lack foundation."] In addition, Defendant's objections are largely directed at the weight, rather than the admissibility, of Lackritz's testimony. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993). The Court finds Lackritz's data is tentatively admissible and relevant under Federal Rule of Evidence 702 and *Daubert* to Plaintiff's disparate treatment claims.[1] *See Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005); [Doc. No. 121, p.5].

(B) In light of the Court's tentative decision finding Plaintiff's disparate impact claims have been rendered moot *(see infra,* p. 3, para. (1)), the Court tentatively **DENIES AS MOOT** Defendant's motion to bifurcate Plaintiff's disparate impact claims from her disparate treatment and retaliation claims. [Doc. No. 130.]

(C) The Court tentatively **DENIES** Defendant's motion to modify the Court's April 21, 2008 interlocutory order precluding defense expert Paul Zimmer. [Doc. No. 131.] Although Defendant's motion is an untimely motion for reconsideration, the Court has the power to modify its interlocutory orders. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885-87 (9th Cir. 2001). The Court considered and tentatively concludes, under the factors set forth in *Amarel v. Connell,* that modification of the Court's April 21, 2008 Order is not warranted. 102 F.3d 1494, 1515 (9th Cir. 1996).

---

[1] Defendant argues its *Daubert* motion deals solely with Plaintiff's disparate impact claims because Lackritz's testimony is irrelevant to her disparate treatment claim. [Doc. No. 129-1, p.4.] However, as the Court tentatively finds the disparate impact claims have been rendered moot (*see infra*, p.3, para.(1)), the Court's tentative ruling addresses the admissibility of Lackritz's evidence with respect to Plaintiff's disparate treatment claim.

1   With respect to Defendant's motions *in limine*:

2   (1) The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Defendant's motion
3   to preclude Plaintiff from presenting evidence in support of claims based on a theory of disparate
4   impact. [Doc. No. 133.] A finding of standing, by itself, is insufficient to confer federal jurisdiction.
5   "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all
6   stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v.*
7   *Arizona*, 520 U.S. 43 (1997) (citing to *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (additional
8   citations omitted). "The requisite personal interest that must exist at the commencement of litigation
9   (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v.*
10  *Geraghty*, 445 U.S. 388, 397 (1980) (internal quotation and citation omitted). Here, the Court
11  tentatively **GRANTS** Defendant's motion insofar as Defendant seeks to prevent Plaintiff from
12  presenting evidence supporting a disparate impact theory. The Court tentatively **DENIES**
13  Defendant's motion to the extent the motion challenges standing, as the Court finds that while Plaintiff
14  had standing to bring the claim, the claim has been rendered moot.

15  (2) The Court tentatively **DENIES** Defendant's motion to preclude "me too evidence." [Doc.
16  No. 134.] Plaintiff's offering of "anecdotal evidence" is not irrelevant nor prejudicial under Federal
17  Rules of Evidence 401 and 403 because the evidence concerns other employees who claimed their
18  employer discriminated against them, and such anecdotal evidence may be permissible to show a
19  pattern or practice under a disparate treatment claim. *Obrey v. Johnson*, 400 F.3d 691, 698 (9th Cir.
20  2005).

21  (3) The Court tentatively **DENIES** Defendant's motion to "Preclude Plaintiff from presenting
22  evidence related to claims she has not raised or for which she herself has not been injured."  [Doc.
23  No. 135.]  Although not clear, the record suggests Plaintiff did not file an offer of proof for the
24  evidence she intends to offer in support of her pattern and practice theory because the deadline to file
25  the proof was vacated. [Doc. No. 68 ("Plaintiff shall serve . . . an offer of proof no later than the date
26  required for filing the amended proposed pretrial order . . . ."); Doc. No. 88 (case transferred; pretrial
27  dates vacated).]  The Court recognizes that some of the evidence Plaintiff intends to offer in support
28  of her pattern and practice theory is the subject of other *limine* motions, namely the testimony of

1  Lentz, Alizzawi, Snow-Creagan, and Darling. To the extent Plaintiff intends to present additional
2  evidence in support of her pattern and practice theory, the Court is inclined to order Plaintiff to serve
3  an offer of proof no later than the date required for filing the amended proposed pretrial order--not less
4  than 14 days prior to Pretrial Conference, which is currently set for April 4, 2011. If the Court so
5  orders, then Defendant may file objections to the relevance of such evidence.

6  (4) The Court tentatively **GRANTS** Defendant's motion to preclude Plaintiff from presenting
7  misleading and slanderous remarks about certain witnesses. [Doc. No. 136.] In particular, the Court
8  tentatively concludes that statements or remarks suggesting an inference that Jackson has, through her
9  prior work at a strip club, demonstrated tolerance and participated in a systematic pattern of
10 discrimination, are misleading and may create confusion of the issues. FED. R. EVID. 403.

11 (5) The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Defendant's motion
12 to preclude evidence of a judgment in the Lentz lawsuit and Lentz's testimony. [Doc. No. 137.] The
13 motion is tentatively **GRANTED** insofar as Plaintiff should be precluded from presenting or offering
14 evidence of the Judgment entered in *Alissa Lentz v. City of San Diego*, in accordance with Federal
15 Rule of Evidence 408. The motion is tentatively **DENIED** insofar as Plaintiff seeks to offer evidence
16 of Lentz's observations based on personal knowledge of her experiences in seeking training
17 opportunities, and her statement regarding working and being paid overtime during the summer of
18 2007. FED. R. EVID. 402; *see Obrey v. Johnson*, 400 F.3d at 698; *E.E.O.C. v. Farmer Bros. Co.*, 31
19 F.3d 891, 897-98 (9th Cir. 1994) ("Because hostility against women underlies decisions to discharge
20 or to refuse to hire women because of their gender, evidence of sexual harassment often will be
21 relevant to claims of gender-based employment discrimination.").

22 (6) The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Defendant's motion
23 to preclude evidence from or concerning Sumaiyah Alazzawi or her lawsuit. [Doc. No. 138.] The
24 motion is tentatively **GRANTED** to the extent it seeks to preclude evidence of the Alazzawi's lawsuit
25 in *Sumaiyah Alazzawi v. City of San Diego*, Superior Court Case No. GIC858179, and corresponding
26 settlement. The motion is tentatively **DENIED** to the extent it seeks to preclude evidence of
27 Alazzawi's personal knowledge and experience regarding the instances of sexual harassment and
28 retaliation she claims to have experienced. FED. R. EVID. 402*; see Obrey v. Johnson*, 400 F.3d at 698.

(7) The Court tentatively **GRANTS** Defendant's motion to preclude evidence concerning the Alazzawi settlement agreement term wherein Defendant agreed to "institute mandatory annual training for all lifeguards to reinforce policies prohibiting retaliation, with the training to be conducted by an outside, neutral trainer" under Federal Rule of Evidence 408. [Doc. No. 139.]

(8) The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to preclude Plaintiff from offering evidence concerning Lisa Darling or Erin Snow-Creagan or their lawsuit. [Doc. No. 140.] The motion is tentatively **GRANTED** to the extent Defendant seeks to preclude evidence of the *Snow and Darling v. City of San Diego*, Case No. 03-CV-0527, settlement. FED. R. EVID. 408. The motion is tentatively **DENIED** to the extent Defendant argues Darling and Snow have no admissible evidence to offer. FED. R. EVID. 402; *see Obrey v. Johnson*, 400 F.3d at 698.

(9) The Court tentatively **DENIES** Defendant's motion to exclude Plaintiff's organizational chart and evidence concerning gender makeup among the ranks. [Doc. No. 141.] The Court is inclined to limit the use of the chart as a demonstrative aid, but not accept the chart itself into evidence. Despite Defendant's argument that the chart has the potential to confuse the jury, the Court concludes Defendant can present evidence as to why the numerical disparities may exist for reasons other than discrimination.

The parties are advised the Court's rulings are tentative, and the Court will entertain oral argument at the hearing on February 28, 2011.

**IT IS SO ORDERED.**

DATED: February 25, 2011

Hon. Michael M. Anello
United States District Judge