# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON N. TERRY,<br><br>                              Plaintiff,<br>  vs.<br><br>CITY OF SAN DIEGO, and DOES 1-20, inclusive,<br><br>                            Defendants. | CASE NO. 06CV1459 MMA (CAB)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR FOR RECONSIDERATION**<br><br>[Doc. No. 197] |

      Pending before the Court is Plaintiff Alison N. Terry's motion for clarification and/or for reconsideration of one portion of the Court's Order dated May 18, 2011. [Doc. No. 197.] Defendant City of San Diego has filed a response, to which Plaintiff replied. The Court found this matter suitable for determination based upon the papers and case record, and took the matter under submission pursuant to Civil Local Rule 7.1.d.1. The Court issues the following order to address Plaintiff's request for clarification, and denies as moot Plaintiff's motion for reconsideration.

## I. RELEVANT BACKGROUND

      On March 2 2011, the Court ordered Plaintiff to serve an offer of proof concerning the pattern and practice evidence she intends to present to support her disparate treatment claims. [Doc. No. 182; *see also* Doc. No. 68.] On March 23, 2011, Plaintiff submitted her offer of proof regarding the evidence she intended to offer at trial on her disparate treatment claims. [Doc. No.

185.]

On May 18, 2011, the Court ruled on Plaintiff's proffered evidence. [Doc. No. 193.] The Court ruled that Plaintiff could not offer the following evidence in support of her disparate treatment claim:

> Lifeguards, including female lifeguards, have been told by various members of lifeguard management that the highest employee performance ratings (EPRs) were needed to have a realistic opportunity to get promoted to Lifeguard II.

[Doc. No. 193, p. 7 *citing* Pl.'s Offer of Proof, Doc. No. 185.] The Court reasoned this evidence was "too attenuated from Plaintiff's disparate treatment claim that she applied for, and was denied, a promotion due to discriminatory animus in the factors considered when determining whether to promote a person who has applied." [Id., citing FED. R. EVID. 403; *Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir. 2009).]

## II. DISCUSSION & CONCLUSION

Plaintiff brings the present motion to request clarification regarding the Court's May 18, 2011 Order. Specifically, she asks whether the Court's Order also intended to preclude her from presenting this evidence in support of her disparate *impact* claims. The answer is no. The Court's May 18, 2011 Order did not preclude Plaintiff from offering this evidence (*i.e.*, that lifeguards have been told that the highest EPRs were needed to have a realistic opportunity to get promoted to Lifeguard II) in support of her disparate impact claims. Plaintiff's offer of proof only concerned the pattern and practice evidence she intended to present in support of her disparate treatment claims. It follows that the Court's subsequent ruling on the offer of proof therefore related only to her disparate treatment claims. Because the Court's May 18, 2011 Order did not preclude Plaintiff from offering this evidence in support of her disparate impact claims to establish use of the proxy comparison pool, the Court **DENIES AS MOOT** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

DATED: July 18, 2011

Hon. Michael M. Anello
United States District Judge